OPINION
{¶ 1} This is an appeal and a cross-appeal from a January 23, 2003, summary judgment ruling by the Stark County Common Pleas Court.
 {¶ 2} Plaintiff-Appellee/Cross-Appellant is Tara Brown.
 {¶ 3} Defendant-Appellant/Cross Appellee is Travelers Insurance.
 STATEMENT OF THE FACTS AND CASE {¶ 4} On July 23, 2001, Tara Brown's nine year old son Tyvaughn Brown was riding his bicycle when he was struck by an uninsured motorist. Tyvaughn sustained serious injuries.
 {¶ 5} At the time of the accident, Plaintiff-Appellee Tara Brown was an employee of AOL Time Warner, which was insured through Travelers Insurance aka Travelers Indemnity Company of Illinois under a Business Auto Policy with liability limits of $2,000,000.00, a Commercial General Liability policy with liability limits of $2,000,000.00 and an umbrella policy issued by AIU Insurance Company, with liability limits of $25,000,000.00.
 {¶ 6} The Travelers' business auto policy contained an issue date of July 13, 2001, with a policy coverage period of June 1, 2001 to June 1, 2002.
 {¶ 7} The business auto policy also contained a 1990 and a 1993 Uninsured Motorists Coverage endorsement which contained the identical "Who is an Insured" language found in Scott-Pontzer v. Liberty MutualFire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292 and Ezawa v. Yasuda Fire Marine Ins. Co. of America (1999), 86 Ohio St.3d 557.
 {¶ 8} On January 11, 2002, Travelers issued a Change Endorsement and an Ohio Uninsured Motorists Coverage — Bodily Injury endorsement pursuant to an UM/UIM Motorist Coverage Offer and rejection/Selection Form with reduced limits of $12,500 per person and $25,000 per accident selected, effective June 1, 2001.
 {¶ 9} In her Complaint (third amended) Plaintiff-Appellee sought a declaration of UM/UIM coverage under the Travelers' policies and the AIU policy.
 {¶ 10} On August 27, 2002, Plaintiff-Appellee served Defendant-Appellant Travelers with discovery, including Requests for Admission to which Travelers failed to respond.
 {¶ 11} Plaintiff-Appellee moved to have said admissions deemed admitted and on November 26, 2002, the trial court granted same pursuant to Civ.R. 36.
 {¶ 12} Both Plaintiffs and Defendants filed motions for summary judgment on the issues of coverage. Plaintiffs also moved for summary judgment based on the admissions.
 {¶ 13} On January 23, 2003, the trial court held that the commercial general liability policy was not an automobile policy but that Plaintiff-Appellant Tara Brown was an insured under the business auto policy with a limit of UM/UIM coverage of $2,000,000.00 and the umbrella policy with a limit of $25,000,000.00. The trial court also ordered that Travelers and AIU arbitrate Plaintiff's claim for UM/UIM coverage.
 ASSIGNMENTS OF ERROR Appellant Travelers Insurance {¶ 14} "I. The Trial Court Erred January 23, 2003, When It Overruled Defendant Travelers Indemnity Company Of Illinois' Motion For Summary Judgment And Granted Plaintiff Tara Brown's Motion For Summary Judgment For Coverage Under The Business Auto Policy Of Travelers Indemnity Company Of Illinois And Declared That: Plaintiff Is An Insured For Ohio Uninsured Motorist Coverage; The Limit Of Insurance For Travelers Indemnity Company Of Illinois' Ohio Uninsured Motorist Coverage Is $2,000,000; And Ordered That Travelers Indemnity Company Of Illinois Arbitrate Plaintiff's Claim For Ohio Uninsured Motorists Coverage."
 SUMMARY JUDGMENT STANDARD {¶ 15} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 16} Civ.R. 56(C) states, in pertinent part:
 {¶ 17} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 18} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 19} It is based upon this standard we review appellants' assignments of error.
 I. {¶ 20} Travelers Insurance, in its sole assignment of error, claims the trial court erred in finding coverage to appellee under the business auto policy. We disagree.
 {¶ 21} As initial matter, we find that AOL/Time Warner was not self insured "in the practical sense" as it contains only a one million dollar deductible and was therefore not exempt from the mandates of R.C. § 3937.18.
 {¶ 22} Upon further review of the record before us, we find that the Change Endorsement issued on January 11, 2002, seven months after the accident in the case sub judice, was not part of the policy in effect on the date of the accident.
 {¶ 23} We find that the business auto policy issued by Travelers contained express UM/UIM motorists coverage pursuant to the 1990 and/or 1993 endorsements which contained "Who is an Insured" language identical to the Scott-Pontzer case. The endorsement also contains the "any family member" language which under Ezawa extended UM/UIM coverage to residential family members.
 {¶ 24} We do not find that the trial court erred in finding appellee was entitled to said coverage pursuant to Scott-Pontzer, supra, in an amount equal to the limits of liability coverage, that being $2,000,000.00.
 {¶ 25} We further find that the trial court did not err in ordering arbitration as the UM endorsement contains an arbitration provision.
 {¶ 26} Appellant's sole assignment of error is overruled.
 Appellee/Cross-Appellant Tara Brown's Assignments of Error {¶ 27} "I. The Trial Court Erred In Not Also Granting Summary Judgment In Favor Of Plaintiffs/appellees/cross-appellants On The Basis Of Request For Admission Admitted By Travelers Insurance."
 {¶ 28} "II. The Trial Court Erred In Not Granting Summary Judgment In Favor Of Plaintiffs/appellees/cross-appellants In Regards To The Commercial General Liability Policy Issued By Travelers Insurance."
 {¶ 29} Cross-Appellant, in her first assignment of error, argues that the trial court erred in failing to grant her motion for summary judgment based on the requests for admission deemed admitted by Cross-appellee Travelers. We disagree.
 {¶ 30} The trial court, in its January 23, 2003 Judgment Entry, stated:
 {¶ 31} ""Plaintiff filed and served Travelers with Requests for Admissions. Travelers failed to respond to the requests. On November 26, 2002, this court ordered those requests deemed admitted. The pertinent requests for admissions refer to policies of insurance identified in #17. There are no policies of insurance identified in #17. Therefore, the admissions shall have no effect on the motions for summary judgment."
 {¶ 32} The Interrogatories and Requests for Admissions which were served upon Travelers were not separate documents but were instead one document with the interrogatory questions and admissions interspersed throughout. Number 17 was an Interrogatory requesting the following:
 {¶ 33} "17. Please identify and produce a complete certified copy of any and all potentially applicable insurance policies, including, but not limited to commercial auto (including UM/UIM endorsements), general commercial (CGL), umbrella/excess policies, and fronting policies."
 {¶ 34} Number 44 was a request for admission seeking the following:
 {¶ 35} "44. Admit Plaintiffs are entitled to Uninsured/Underinsured Motorist Coverage under the policies identified in #17. If this admission is denied, please state the complete basis for your denial."
 {¶ 36} We agree with the trial court's finding as the trial court could have found that no response was required by Interrogatory 17 because by putting the burden on Travelers to determine the "potentially applicable insurance policies", Plaintiff/Cross-Appellant, Travelers could have determined that no policies were applicable.
 {¶ 37} Cross-Appellant's first assignment of error is denied.
 II. {¶ 38} In her second assignment of error, Cross-Appellant claims that the trial court erred in failing to find coverage under the CGL policy. We disagree.
 {¶ 39} Pursuant to this Court's prior holding in Pickett v. OhioFarmers Ins. Co., (Jan. 14, 2002) Stark App. Nos. 2001CA00227 and 2001 CA00236, 2002 Ohio 259, wherein we held that a general liability policy which provided only incidental coverage for a narrow class of mobile equipment and did not list any specifically identified vehicles was not a "motor vehicle liability policy" and therefore UM/UIM coverage was not mandatory pursuant to R.C. § 3937.18.
 {¶ 40} Appellant's second assignment of error is denied.
 {¶ 41} The decision of the Stark County Court of Common Pleas is affirmed.