OPINION
{¶ 1} This is an appeal from a January 23, 2003, summary judgment ruling by the Stark County Common Pleas Court.
 {¶ 2} Plaintiff-Appellee is Tara Brown.
 {¶ 3} Defendant-Appellant is AIU Insurance Company.
 {¶ 4} The cross-appeal filed in this case is identical to that filed and decided in related case Tara Brown, et al. v. TravelersInsurance, et al., Stark App. No. 2003-CA-78, 2003-Ohio-6151 and will not be reiterated here.
 STATEMENT OF THE FACTS AND CASE {¶ 5} On July 23, 2001, Tara Brown's nine year old son Tyvaughn Brown was riding his bicycle when he was struck by an uninsured motorist. Tyvaughn sustained serious injuries.
 {¶ 6} At the time of the accident, Plaintiff-Appellee Tara Brown was an employee of AOL Time Warner, which was insured through Travelers Insurance aka Travelers Indemnity Company of Illinois under a Business Auto Policy with liability limits of $2,000,000.00, a Commercial General Liability policy with liability limits of $2,000,000.00 per occurrence and an umbrella policy issued by AIU Insurance Company, with liability limits of $25,000,000.00.
 {¶ 7} The Travelers' business auto policy contained an issue date of July 13, 2001, with a policy coverage period of June 1, 2001 to June 1, 2002.
 {¶ 8} The business auto policy also contained a 1990 and a 1993 Uninsured Motorists Coverage endorsement which contained the identical "Who is an Insured" language found in Scott-Pontzer v. Liberty MutualFire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292 and Ezawa v. Yasuda Fire Marine Ins. Co. of America (1999), 86 Ohio St.3d 557.
 {¶ 9} On January 11, 2002, Travelers issued a Change Endorsement and an Ohio Uninsured Motorists Coverage — Bodily Injury endorsement pursuant to an UM/UIM Motorist Coverage Offer and rejection/Selection Form with reduced limits of $12,500 per person and $25,000 per accident selected, effective June 1, 2001.
 {¶ 10} In her Complaint (third amended) Plaintiff-Appellee sought a declaration of UM/UIM coverage under the Travelers' policies and the AIU policy.
 {¶ 11} On August 27, 2002, Plaintiff-Appellee served Defendant-Appellant Travelers with discovery, including Requests for Admission to which Travelers failed to respond.
 {¶ 12} Plaintiff-Appellee moved to have said admissions deemed admitted and on November 26, 2002, the trial court granted same pursuant to Civ.R. 36.
 {¶ 13} Both Plaintiffs and Defendants filed motions for summary judgment on the issues of coverage. Plaintiffs also moved for summary judgment based on the admissions.
 {¶ 14} On January 23, 2003, the trial court held that the commercial general liability policy was not an automobile policy but that Plaintiff-Appellant Tara Brown was an insured under the business auto policy with a limit of UM/UIM coverage of $2,000,000.00 and the AIU umbrella policy with a limit of $25,000,000.00. The trial court also ordered that Travelers and AIU arbitrate Plaintiff's claim for UM/UIM coverage.
 Assignments of Error {¶ 15} "I. The Trial Court Erred In Overruling Defendant AIU's Motion For Summary Judgment Since Appellees Were Not Insureds Under The AIU Policy.
 {¶ 16} "II. The Trial Court Erred In Overruling AIU's Motion For Summary Judgment Because There Was No Coverage Under The Underlying Traveler's Policy.
 {¶ 17} "III. The Trial Court Erred In Ordering The Claims Against AIU To Binding Arbitration As There Is No Provision For Arbitration In The AIU Policy.
 {¶ 18} "IV. The Trial Court Erred In Granting Appellee's Motion For Summary Judgment Against AIU Insurance."
 SUMMARY JUDGMENT STANDARD {¶ 19} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 20} Civ.R. 56(C) states, in pertinent part:
 {¶ 21} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 22} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 23} It is based upon this standard we review appellants' assignments of error.
 I., II. and IV. {¶ 24} AIU Insurance Company, in its first second and fourth assignments of error, claims the trial court erred in finding coverage to appellee under the umbrella policy. We disagree.
 {¶ 25} Initially, this Court has addressed the issue of underlying coverage under the Traveler's Insurance business auto policy in the related appeal Tara Brown, et al. v. Travelers Insurance, et al., Stark App. No. 2003-CA-78, 2003-Ohio-6151, wherein we found appellee was entitled to said coverage pursuant to Scott-Pontzer, supra, in an amount equal to the limits of liability coverage, that being $2,000,000.00.
 {¶ 26} The Travelers Insurance business auto policy is listed as an underlying policy of insurance in the Schedule of Underlying Insurance in the AIU commercial umbrella policy.
 {¶ 27} On review, the Supreme Court of Ohio, in Scott-Pontzer v.Liberty Mutual Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292, held in pertinent part that, absent limiting provisions, employer commercial UM/UIM coverage extends to all of a named insured corporation's employees. The court reached this conclusion by recognizing that under the commercial auto policy at issue, the identity of the "insureds" was ambiguous because the term "you" referred solely to the corporation. Because a corporation can act only through live persons, the court reasoned that it would be "nonsensical" to limit coverage to the corporate entity. Id. at 664. The same applies for corporateumbrella/excess policies which contain any element of automobile liability coverage, even if such policies do not mention UM/UIM coverage. Subsequently, in Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557, 1999 Ohio 124, 715 N.E.2d 1142, the Supreme Court of Ohio applied Scott-Pontzer to family members of employees.
 {¶ 28} We therefore find that the trial court was correct in finding that the Browns are entitled to coverage under the AUI umbrella policy as it is a follow form excess liability policy.
 {¶ 29} Appellant's I, II and IV assignments of error are overruled.
 III. {¶ 30} In its third assignment of error, Appellant argues that the trial court erred by ordering the UM/UIM claims against AIU to binding arbitration. We agree.
 {¶ 31} Upon review, we find that the AUI umbrella policy does not contain an arbitration clause.
 {¶ 32} In Greene v. Westfield Ins. Co. (Nov. 12, 2002), Stark App. 2002CA00114, 2002-Ohio-6179, this Court held that where coverage arises by operation of law, as in the case sub judice, it is error to impose the policy provisions upon such coverage.
 {¶ 33} Appellant's third assignment of error is sustained.
 {¶ 34} The decision of the Stark County Court of Common Pleas is affirmed in part and reversed in part.